### CAMPBELL V. COONEY AND CLEVELAND (CITY).

PRACTICE—MOTION FOR REHEARING IN CIRCUIT COURT.

    Where a case is heard without objection in the circuit court on error and reversed and remanded to the common pleas for errors appearing in what purported to be a proper bill of exceptions, the circuit court, upon motion for a rehearing, on the ground that, as a matter of fact, there was no bill of exceptions in the case, refuses to grant a new trial, holding that the question can be raised in the Supreme Court by a motion to strike the bill off.

ERROR to the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

    The case of Alexander Campbell, plaintiff in error, against John Cooney and the city of Cleveland, defendants in error, was before us during the present term and the judgment of the court of common pleas was reversed by us upon an error as we found shown by the bill of exceptions in the case.

    At the time of the hearing, there was before us what purported to be a bill of exceptions filed in this court. The case was heard without any objection being made to that as a bill of exceptions. The motion, now made for a re-hearing, is based upon the proposition that there was no bill of exceptions in the case at all, and that it was error in this court to reverse the judgment of the court of common pleas for what we found

in that which was filed here as a bill of exceptions when, as a matter of fact, it is said that there was not a bill of exceptions in the case. In support of which, attention is called to the journal entry of the court of common pleas as filed here, and that transcript shows that a motion for a new trial was had and refused, and that Campbell excepted to it. And the next entry is "bill of exceptions filed."

If our attention had been called to that and that the journal entry had been made in that way, we should not have considered that bill. But we have heard the case and disposed of it and remanded it to the court of common pleas. Though we are not prepared to say we had not a right to rehear it, we have decided to refuse the motion for a rehearing, and let the case stand as it already was. The question can be raised in the Supreme Court by a motion to strike the bill off, and we are not disposed to grant a new trial here where it was not raised and where we have already passed upon the case and sent it to the court of common pleas.

*Sanders & Wilson*, for plaintiff in error.

*Foran, McTighe E. Baker* and *Mr. Hogsett*, director of law, for defendant in error.